## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

JORDAN KEEFE,

       Plaintiff,

  v.

SERGEANT COUGLHIN, SERGEANT
LEIGHTON, JIM SALMONSEN, JOE
BINTO, CORRECTIONAL OFFICER
COUGHLIN, LIEUTENANT
CHRISTIANSEN, CORRECTIONAL
OFFICER JOHNSON, CASE MANAGER
MARTIN, DEAN CHAPEL, DR. REES,
MONTANA DEPARTMENT OF
CORRECTIONS, MONTANA STATE
PRISON RANCH MEDICAL STAFF,

      Defendants.

**CV 23-49-H-BMM-JTJ**

**ORDER**

On March 14, 2024, Plaintiff Keefe's Amended Complaint was served upon the Defendants. (Doc. 21.) Prior to Defendants filing their Answer, Keefe filed a Motion for Preliminary Injunction, (Doc. 24), and a Motion for Order of Protection. (Doc. 26). Defendants have responded and oppose Keefe's motions. *See* (Docs. 27, 28, 30, and 31.)

Keefe seeks an order from this Court directing that he be taken to a local hospital to have a CT scan and other medical testing performed. (Doc. 24 at 2-3.) Keefe explains that he suffers from "oral facial dismorfisms" cause by a recent

1

stroke.  (*Id*. at 2.)  He claims he also has suffered "intestinal herniation with tears and ruptures" and severe spinal pain.  (*Id*.)  He states that he has been left without medical care.  Keefe asserts he is being denied medical care and that medical providers, in particular Dr. Rees, are redacting his medical records, necessitating the Court's intervention.  (*Id*.)  Keefe asserts he can prove his claims via discovery in the present action.  (*Id*.)

Defendants oppose Keefe's request and argue that he has received competent and timely care for his medical needs, and thus, extraordinary relief via an injunction is unnecessary.  (Doc. 27 at 2-3.)  Defendants further note that neither "facial dysmorphism" due to a stroke nor an "intestinal herniation with tears and ruptures" have been diagnosed.  (*Id*. at 3.)  Defendants argue that all injuries and maladies experienced by Keefe have been treated appropriately.  In support of their position, Defendants have supplied a declaration from Dr. Reese, along with various medical records, medical kites, and segregation notes.  (Docs. 27-1, 27-2, 27-3, and 27-4.)

Keefe additionally seeks an order asking the Court to intervene against allegedly harassing disciplinary actions that have been undertaken against him. (Doc. 26 at 2-3.)  Keefe argues that he is being singled out and discriminated against.  In support of his claim of targeted retaliation, Keefe points to an instance

where he was the only one to get in trouble out of 14 other similarly situated inmates.  (*Id*. at 3.)

Defendants respond by stating that Keefe failed to identify against whom he seeks relief or to show that disciplinary actions were not in furtherance of legitimate penological interests.  (Doc. 30 at 1-2.)  Defendants explain that on April 19, 2024, Keefe violated MSP housing rules by passing water to another inmate.  (*Id*. at 2.)  On that same day, the electronic control system on the inmates' cell doors was down.  Keefe apparently disregarded officer's instructions after he passed the water to another inmate, which resulted in additional security measures needing to be undertaken to ensure that Keefe's cell door was secure.  (*Id*. at 2-3.)  As a result of this incident, Keefe received a major disciplinary infraction write up.  (*Id*. at 3.)  Keefe apparently received a hearing on the write-up.  (*Id*.)  Defendants argue that Keefe's motion for a protective order does not identify against whom he seeks relief, does not show irreparable harm will occur, and does not have any connection to his underlying claims.  (*Id*. at 6-7.)  Further, Defendants argue that his generalized request for relief is not narrowly drawn and, if granted, would disrupt MSP operations. (*Id*. at 7.)  Accordingly, Defendants ask the Court to deny Keefe's request for a protection order.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008)

(citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). As Defendants observe, a request for an order of protection is a request for a mandatory preliminary injunction.  (Doc. 30 at 3) (*citing Lout v. Tuss*, CV 15-55, 2016 U.S. Dist. LEXIS 104286, at *10-14 (D. Mont. May 27, 2016)).

The Ninth Circuit applies additionally a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships

tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Based upon the record before the Court, extraordinary relief is not warranted in the present case. There appears to be a discrepancy between the lack of medical care Keefe is alleging and the care that he has received. A legitimate question remains whether any Defendant has actually been deliberately indifferent to Keefe's serious medical needs. *See e.g., Jett v. Penner*, 439 F. 3d 1091, 1096 (9th Cir. 2006). Keefe will be able to develop these claims further via discovery procedures outlined in the schedule set by the Court. *See generally* (Doc. 33.)

Additionally, Keefe has not demonstrated that, absent injunction, he will be exposed to irreparable injury. *Winter*, 555 U.S. at 22. To support a mandatory

preliminary injunction for specific medical treatment, a plaintiff must demonstrate ongoing harm or the present threat of irreparable injury, not the occurrence of a past injury. *Conn. V. Mass*., 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries"). "[T]here must be a presently existing threat of harm, although injury need not be certain to occur." *FDIC v. Garner*, 123 F. 3d 1272, 1279-80 (9th Cir. 1997). Based upon the record before the Court, there appears to be a difference of medical opinion between Keefe and his providers. Keefe fails to demonstrate that he is subject to irreparable harm absent an injunctive order for treatment, including a CT scan. The motion for medical injunctive relief will be denied.

This Court also declines to intervene in what appears to be disciplinary actions undertaken by MSP authorities. This Court is aware that judicial interference in matters of inmate discipline is highly disfavored; prison authorities have broad discretion in handling disciplinary matters. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716, 719 (9th Cir. 2007) (federal courts should afford appropriate deference to state officials managing a prison environment). The injunctive relief Keefe seeks would substantially interfere with MSP correctional operations. Accordingly, the balance of equities and hardships does not favor granting an injunction for a broad order of protection.

Finally, preliminary injunctions are not in the public interest for the same reasons set forth above.  Such injunctions would unnecessarily interfere with the MSP's general administration and delivery of medical care.  The Court has issued a scheduling order for this matter.  Any additional information Keefe wishes to pursue or obtain from Defendants can be requested in the normal course of discovery.  Keefe faces no demonstrable, irreparable harm in the interim.

## ORDER

Accordingly, **IT IS ORDERED:**

1.  Keefe's motions for injunctive relief (Docs. 24 & 26) are **DENIED**.

2.  Keefe must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 15th day of May 2024.

Brian Morris, Chief District Judge
United States District Court