IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE, | CV 23-49-H-DWM |
| Plaintiff, | |
| vs. | |
| SERGEANT COUGLHIN, SERGEANT LEIGHTON, JIM SALMONSEN, JOE BINTO, CORRECTIONAL OFFICER COUGHLIN, LIEUTENANT CHRISTIANSEN, CORRECTIONAL OFFICER JOHNSON, CASE MANAGER MARTIN, DEAN CHAPEL, DR. REES, MONTANA DEPARTMENT OF CORRECTIONS, and MONTANA STATE PRISON RANCH MEDICAL STAFF, | ORDER |
| Defendants. | |

On March 14, 2024, Plaintiff Jordan Keefe's Amended Complaint was served upon the Defendants. (Doc. 21.) Prior to Defendants filing their Answer, Keefe filed a Motion for Preliminary Injunction, (Doc. 24), and a Motion for Order of Protection, (Doc. 26). Defendants filed their Answer and responded and opposed Keefe's motions. (*See* Docs. 27, 28, 30, 31 and 32.) On May 15, 2024, Chief Judge Brian Morris denied Keefe's motions for injunctive relief. (Doc. 35.) This matter was subsequently transferred to the undersigned. (Doc. 37.)

On May 24, 2024, Keefe filed a motion seeking voluntary dismissal of his amended complaint without prejudice. (Doc. 36.) Keefe explains that he is going to a 13-month treatment program. It appears he wishes to focus on this program and potentially re-file this matter at a later date, once he is able to retain counsel. (*Id.* at 1.) Defendants have not responded to Keefe's motion.

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F. 3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule 41(a)(2). *See Wilson v. City of San Jose*, 111 F. 3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *See also Hargis v. Foster*, 312 F. 3d 404, 412 (9th Cir. 2003). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F. 3d 972, 975 (9th Cir. 2001).

2

Defendants filed their Answer on May 13, 2024. (Doc. 32). While they have not consented in writing to Keefe's voluntary dismissal without prejudice, they have not filed any objection to the motion or shown that they would suffer any prejudice at this early stage of litigation. Therefore, Keefe's motion to dismiss is granted.

Based upon the foregoing, IT IS ORDERED that:

1. Keefe's motion to dismiss without prejudice (Doc. 36) is GRANTED.

2. This action is DISMISSED in its entirety WITHOUT PREJUDICE.

3. The Clerk of Court is directed to close this matter and have the docket reflect voluntary dismissal of this action without prejudice pursuant to Rule 41(a).

DATED this 25 day of June, 2024.

Donald W. Molloy, District Judge
United States District Court